Albaugh, J.
This is an action brought by the plaintiff for the partition of certain real estate situated in this county. Jacob Balthaser was made a defendant upon his own motion, and filed his answer, alleging that at the April term, 1888, of the Court of Common Pleas of Fairfield County, Ohio, he obtained a judgment against the plaintiff Chapman, and that on the 1st day of May an execution was issued thereon, and levied upon the interest of the said Chapman in the lands described in the petition; that he thereby obtained a lien thereon, and prayed that if said lands were sold, that his judgment should be satisfied from the proceeds of such sale.
The plaintiff Chapman replied to this answer, denying that there was any record of a judgment against him as •claimed by Balthaser.
Upon the trial of the case, the defendant Balthaser offered in evidence a transcript, duly certified, of the proceedings in which he claimed his judgment in the Court of Common Pleas of Fairfield County. This was all the evidence offered by either party in the case. From the transcript it appears, that on the 31st day of March, 1888, Balthaser filed his petition in said court, which contained two causes of action. The first was upon an account for lumber and other material furnished by him to Chapman .for the erection and construction of a derrick to be used in drilling for natural gas; and in the second cause of action it was alleged that said material was used upon certain premises belonging to the Amanda Gas Co., and that an itemized statement had been duly filed with the Recorder of said County, and claiming a lien upon the premises therein described. A summons was issued and sent to *244 the Sheriff of Stark County, and served upon Chapman in that County, he being a resident thereof. Afterward, at the April term of the Court, a judgment was taken against him on default upon the first cause of action, no decree for the foreclosure of the lien having been entered.
The validity of this judgmént is the subject of controversy between the parties. The plaintiff claims that the court in which the judgment was rendered did not have jurisdiction, and that the judgment rendered in the case was void. If that court did have jurisdiction of the person and the subject matter of the action, it would be immaterial how erroneous the judgment might be, it could not be questioned in this collateral proceeding; so that his claim must be confined to the question whether the court did not have jurisdiction, and it might be observed here, that if the court properly obtained jurisdiction of the subject matter of the action, it also obtained jurisdiction of the person of the plaintiff by the service of summons in Stark County. Sec. 5038 provides, that when an action is rightly brought in any county according to the provisions of chapt. 5 of that sub-division, a summons may be issued to any other county for one or more of the defendants at the plaintiff’s request — and sec. 5022 provides, that an action for the sale of real property under a mortgage, lien, encumbrance or charge must be brought in the county where the subject of the action is situated. Was this action then rightly brought in Fairfield County ? Sec. 3184, as amended in 84 Ohio L. 6, provides, that a person who performs labor or furnishes machinery or material for * * * the digging, drilling or boring of any gas well, oil well, or any other well by virtue of a contract with the owner, or his authorized agent, shall have a lien to secure the payment of the same upon such gas well * * * and the interest of the owner in the lot of land on which the same may be located * * *. Upon examination of the petition filed in that case it is very clear that the second cause of action therein stated is defective. It does not state the facts necessary to constitute a lien upon the premises therein described in favor of Balthaser, for the reason that there is no allegation that the material was furnished by him to Chapman under a contract with the owner of the *245 premises, or his agent. This is a material and an essential' averment, and a failure to make such allegation renders this-cause of action wholly defective.
While it is well settled that a judgment rendered by a court' of general jurisdiction cannot be assailed in a collateral proceeding where the court has jurisdiction of the person and the' subject matter of the action, it is equally well settled that' when it appears from the face of the record that the court did-not have jurisdiction of the person or subject matter, that such an irregularity can be inquired into, and in all such' cases the judgment rendered is not only erroneous, but void, and of no effect. In Sheldon’s lessee v. Newton, 3 Ohio St. 499, it is said that the power to hear and determine a cause is jurisdiction; and it is coram judice, whenever a case is presented which brings this power into action. But before this power can be affirmed to exist, it must be made to appear that the law has given a tribunal capacity to entertain the complaint against the person or thing sought to be charged or affected; that such complaint has actually been preferred ; that such-person or thing has been properly brought before the court to answer the charge therein contained; when these appear, the jurisdiction has attached, the right to hear and determine is perfect, and the decision of every question thereafter arising is but the exercise of the jurisdiction thus conferred; and whether determined rightfully or wrongfully, correctly or erroneously, is alike immaterial to the validity, force and effect of the final judgment when brought collaterally in question.
It appears from the record in this case, that Chapman was a resident of Stark county, ?and was served with summons in that county. He could not be required to appear and answer to the action brought against him in another county, unless that action was rightly brought in that county; and if not so brought, the court did not have jurisdiction of the subject matter of the action, and consequently did not have jurisdiction of the person of the defendant Chapman. Whether 'the action could be maintained in that county depends upon what facts arejalffiged in the petition. If upon the face of the *246 petition it is apparent that it is not a case for the sale of real estate upon a lien under the section of the statute before referred to, then jurisdiction could not be had of the person of Chapman by a service of summons upon him in Stark county. As before stated, the petition is defective upon its face; a lien was not created, and did not exist unless the lumber and material were furnished for the erection of a derrick under an agreement between Balthaser and the owner of the premises. There is no averment of that fact, and we assume that they were not so furnished; and if not, there was no lien, and consequently nothing upon which an action could be founded in that county. Whether or not that court could entertain the case, depended upon whether a proper case was made by the petition therein filed. Finding as we do that there was no jurisdiction of the action in Fairfield county, the judgment gendered upon the first cause of action was void, and the levy made under an execution issued thereon did not operate as a lien upon the premises, sought to be partitioned in this action.
Housel & Webber, for plaintiff.
John G. Given and Brasee & Brasee, for defendant.